In the matter of the petition of LANE, &c.

---

The court cannot compel a husband who has married a woman having a dower
right, nor the female either, to join in a deed releasing it.

---

UNDER this petition, the real estate of an infant was directed
to be sold.   The amount of the widow's right of dower had
been calculated by the master.   She had married again, but
lived separate from her then husband, one James Caherty.   He
refused to consent to the sale or to join his wife in a conveyance,
unless she would consent "that the money to be paid in lieu of
" dower should be taken by him or enough of it to discharge
" all his debts."

The special guardian, by petition, now suggested these cir-
cumstances and also the wife's having no resource save this
dower right, and the depreciation which would take place in
the price of the estate if the parties were not ordered to join
in the deed.   And he prayed, that the said James Caherty and
wife should be compelled to join, in order to protect the rights
of the infant and make the title in a purchaser more complete,
or, in default, the said James Caherty stand committed until
the further order of the court.

Mr. *James R. Whiting*, for the petitioner.

THE VICE-CHANCELLOR.   I cannot interfere.   The statute
never contemplated a compulsive release of dower.   It can
only be released by consent.   If the widow had refused, the
court could not have compelled her; and, therefore, cannot
compel her present husband to join with her in such a release.

Application denied.